CHARLES ASHLEY, Respondent, *v.* JOHN TURNER,. APPELLANT, IMPLEADED, &c.

*Supplementary proceedings—the judgment debtor is entitled to a written notice of an application for the appointment of a receiver.*

A defendant who has appeared before a referee and been examined, in pursuance of an order made in proceedings supplementary to execution, is entitled to a written notice of an application for the appointment of a receiver; a verbal notice that such an application will be made, given at the close of the examination, is not sufficient.

APPEAL from an order made at a Special Term, denying a motion made by the defendant, to vacate an order appointing a receiver in supplementary proceedings.

Upon the usual affidavit, Mr. Justice TAPPAN of the Fourth District made an order for the defendants to appear for examination before a referee ; and directed that all subsequent proceedings be had before Mr. Justice MULLIN, of the Fifth District, where the judgment debtors resided. The order was duly served on the defendant Turner, at Harrisville, where he resided, and on the following day he appeared and was examined before the said referee. At the close of the examination, in the presence and hearing of both defendants, the plaintiff gave notice that he would apply for the appointment of a receiver on January 3, 1880. The referee, on the day of the examination, December 30, 1879, made his report, which, with the requisite papers, were at once forwarded to Justice MULLIN, who granted the order and returned the papers to the plaintiff's attorneys.

The order was obtained on January 3, but by some mistake, and without the knowledge of plaintiff's attorneys, was dated January 11. It was not claimed that the defendants, or either of them, appeared to oppose the application on January 3, or on any other day.

*John C. Fulton,* for the appellant. The defendants were entitled to a written notice of the application for the appointment of a receiver. (*Kemp* v. *Harding,* 4 How. Pr., 178 ; *Dorr* v. *Noxon,*

5 Id., 29; *Barber* v. *Johnson,* 4 Abb. Pr., 435; *Todd* v. *Crook,* 4 Sandf., 694; Riddle Supplementary Pro., 136, and Riddle Supplementary Pro., Supplement, 46, 47, 48.) Notices shall be in writing. (Code of Procedure, § 408; Code Civ. Pro., §§ 796, 797.)

*L. M. Soper,* for the respondent. The notice of application for the appointment of a receiver was sufficient. The application is not a motion within section 402, Code of Procedure. (*Leggett* v. *Sloan,* 24 How. 479.) The practice is to give a notice of two or four days. (Riddle Supplementary Pro., 136.)

PER CURIAM:

On this appeal from the order denying the motion to set aside the order appointing a receiver, we cannot examine the irregularities alleged as to the prior order for examination.

If the examination had been before the judge himself who granted the order, then we see no reason why the plaintiff might not, at once, on the close of the examination, have applied for a receiver without any formal notice. But here the examination was before a referee, and the defendant was entitled to a notice of the application subsequently made to the judge, for the appointment of a receiver. A legal notice must be in writing. No valid notice was given in this case. It is evident that it would be unjust to make an order which would transfer all of a man's property to a receiver, without giving him an opportunity to be heard. Such opportunity must be given in the usual manner, by a written notice.

The order appealed from is reversed, with $10 costs, and disbursements, and the motion to vacate the order appointing a receiver is granted, with $10 costs.

Present, LEARNED, P. J., BOCKES and WESTBROOK, JJ.

Order reversed, with $10 costs, and disbursements, and motion granted, with $10 costs.